## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

RIAZ KHAN, A221 079 527,

    Petitioner,

    v.

CRAIG LOWE, Warden of the Pike
County Correctional Facility, et al.,

    Respondents.

CIVIL ACTION NO. 1:25-cv-02098

(SAPORITO, J.)

## ORDER

Now before the court is a report and recommendation by United States Magistrate Judge Susan E. Schwab, in which she recommends that the petitioner's § 2241 habeas petition (Doc. 1) be granted. Doc. 19. In support of this recommendation, Judge Schwab finds that this court may properly exercise subject matter jurisdiction over the instant habeas petition, that exhaustion of administrative remedies by the petitioner should be excused as futile, and that the petitioner's continued and indefinite detention under 8 U.S.C. § 1225(b)(2) is unlawful as he may only be properly detained under 8 U.S.C. § 1226(a), in which case he is entitled to an individualized bond hearing. *See id.*

The respondent has conceded with respect to the issues of

jurisdiction, *see* Doc. 17, and administrative exhaustion, *see* Doc. 21, at 2 n.1. But he has filed partial objections to Judge Schwab's report and recommendation, contesting Judge Schwab's statutory analysis on the merits of the petition. Doc. 20; Doc. 21. We have conducted a de novo review of the contested portions of the report and find the respondent's objections to be unpersuasive and without merit. *See Hayat v. O'Neill*, No. 3:25-cv-02416, 2026 WL 561200, at *6–7 (M.D. Pa. Feb. 27, 2026); *Diaz Aparicio v. Lowe*, No. 3:25-cv-02413, 2026 WL 526702, at *6–8 (M.D. Pa. Feb. 25, 2026). *See generally* 28 U.S.C. § 636(b)(1); *United States v. McLaughlin*, 607 F. Supp. 3d 522, 529 (M.D. Pa. 2022).

Following an independent review of the report and the record, and having afforded "reasoned consideration" to uncontested portions of the report, *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017), we are satisfied "that there is no clear error on the face of the record," Fed. R. Civ. P. 72(b) advisory committee note to 1983 amendment. We find Judge Schwab's analysis to be well-reasoned and well-supported by the record and applicable law, and we find the respondent's specific objections to be without merit. With respect to the parties' arguments on the merits, the court will adopt the report and recommendation as the decision of the

court, with modification to the relief granted, as set forth below.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1.     The report and recommendation of Judge Schwab (Doc. 19) is **ADOPTED as modified herein**;

2.     David O'Neill, Todd Lyons, Kristi Noem, and Pamela Bondi are **DISMISSED** as respondents;

3.     The petition (Doc. 1) is **GRANTED**;

4.     The government shall either provide Khan with an individualized bond hearing **within twenty-one (21) days** after entry of this order or release Khan on his own recognizance, pursuant to 8 U.S.C. § 1226(a);

5.     At this individualized bond hearing, the government shall bear the burden of proving by clear and convincing evidence that the petitioner's continued detention is necessary to prevent him from fleeing or harming the community;

6.     The parties shall file a written notice of the outcome of this individualized bond determination by an immigration judge **within seven (7) days** after the date of the hearing; and

- 4 -

7.    The clerk is directed to mark this case as **CLOSED**.


Dated: April 21, 2026                    *s/Joseph F. Saporito, Jr.*
                                         JOSEPH F. SAPORITO, JR.
                                         United States District Judge